(No. 2184—

CLARENCE KABAT, A MINOR, BY ANNA KABAT, HIS NEXT FRIEND, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 7, 1934.*

HORTSMAN, LINDER, PELNAR & BERNARD, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Clarence Kabat, by Anna Kabat, his mother and next friend, filed his complaint herein and seeks to recover damages for personal injuries sustained by said Clarence Kabat while a student in attendance at J. Sterling Morton High School at Cicero, Illinois.

The complaint alleges that on September 1, 1930, said Clarence Kabat, who was then seventeen (17) years of age,

was a sophomore at J. Sterling Morton High School, and in the course of his studies was required to melt some aluminum in a furnace maintained by the school, and thereafter carry the same to his work bench; that in carrying such melted and liquid aluminum to his work bench, he tripped and fell over a piece of tin which was laid upon the floor with the edges turned up, and as a result thereof, the melted aluminum was spilled, and Kabat's left arm from his elbow to his hand, was severely burned. The complaint further alleges that the respondent was negligent in failing to provide a safe and secure place for the students to work, and in permitting such tin to lie loosely on the floor in such workroom.

The complaint also alleges that on November 12th, 1930 a policy of insurance was issued by the Fidelity and Casualty Company of New York to the Trustees of Schools of the School District in which the J. Sterling Morton High School is located, whereby such Trustees of Schools were indemnified against loss from the liability imposed by law upon such Assured for damages on account of bodily injuries or death suffered by any person not employed by the Assured while within the school premises; that such policy was in force at the time of such accident; that claim was filed with said Fidelity and Casualty Company of New York; that such Company denied liability on the ground that the Assured was engaged in a governmental function; that said policy is a contract of indemnity and by the terms thereof indemnified against loss from the liability imposed by law upon the Assured; that no liability is imposed on such Assured in this case, either under the common law or by statute, for the reason that the Assured is engaged in a governmental function; that the Fidelity and Casualty Company of New York indemnifies the Assured against claims which cannot be maintained against it either by common law or by statute; that said contract of insurance is beneficial only to said insurance company and that the premium paid therefor is in the form of a gift from public funds of the State; that suit cannot be maintained directly against said Fidelity and Casualty Company of New York under said policy, and that no liability is imposed by law on Assured.

The complaint further alleges that said Fidelity and Casualty Company of New York should have notice of this

proceeding, and that if judgment is rendered against the State, the said Fidelity and Casualty Insurance Company of New York should be required to show cause why it should not in equity and good conscience pay the same.

Claimant admits that the school authorities are not liable under the law on account of the fact that the maintaining of said school is a governmental function, but takes the position that the State should respond in damages because there is no legal liability on behalf of the school authorities.

The J. Sterling Morton High School is not maintained by the State, but is maintained by the local Board of Education, which is a municipal corporation having authority under the statute to sue and be sued.

The principle involved in this case is identical with that involved in the case of *Raffaele Trombello, et al. Admrs.* vs. *State of Illinois,* No. 2237, decided at the present term of this court. In that case it was held that this court had no jurisdiction over a suit for damages arising on account of the death of a small child who was drowned while playing in the Douglas Park lagoon which was under the jurisdiction of the West Chicago Park Commissioners. The rule announced in that case applies with full force to the present case, and is supported by numerous decisions set forth in the opinion rendered in the Trombello case. This court, therefore, has no jurisdiction in this case.

The fact that the Trustees of Schools obtained a policy of insurance which does not protect the claimant in this case, and which really affords no protection to anyone whatsoever, is not a matter concerning which this court can grant any relief.

It follows from the foregoing that this court can have no jurisdiction in this case, and the same is therefore dismissed.